UNITED STATES of America,
Plaintiff—Appellee,

v.

Adolfo SALGADO, Defendant—
Appellant.

No. 03–10582.
D.C. No. CR–03–00049–HDM(VPC).

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Aug. 9, 2004.*

Decided Aug. 16, 2004.

Craig S. Denney, Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Ricardo Alvarado, Alvarado Law Office, Midland, CA, Roberto Puentes, Jr., Law Offices of Roberto Puentes Jr., Reno, NV, for Defendant–Appellant.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM**

Adolfo Salgado appeals his conditional guilty plea conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Salgado argues that the district court erred in denying his motion to suppress evidence. First, Salgado contends that the police officer's questioning of Salgado on matters unrelated to the purpose of the original stop was unreasonable. We agree with the district court that the officer in this case relied upon particularized and objective factors which justified his broadening the line of questioning during the traffic stop. See United States v. Perez, 37 F.3d 510, 513 (9th Cir.1994).

Second, Salgado contends that the district court clearly erred when it found that he had voluntarily consented to the search

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

of his vehicle. We disagree. The district court concluded that, under the totality of the circumstances, Salgado's consent was voluntary, and in support of this it pointed to several factors, such as the fact that the police officers did not draw their guns, and that the text of the consent form Salgado signed was in Spanish as well as English. The district court's finding as to consent was not clearly erroneous. See United States v. Morning, 64 F.3d 531, 533 (9th Cir.1995).

**AFFIRMED.**